THE LAW OFFICE OF MATTHEW M SPIELBERG
SBN 72773
21855 Redwood Road
Castro Valley, CA 94546
mspielberg@earthlink.net

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In Re:

LAUREN J. LOCHRIDGE,

    Debtor

) Case No.: 22-40606
) Chapter 13
)
) **MOTION TO EXTEND THE**
) **AUTOMATIC STAY AS TO U.S. BANK**
) **NATIONAL ASSOCIATION AS LEGAL**
) **TITLE TRUSTEE AND AMERICAN**
) **SCIENTIFIC (11 U.S.C. §362(c)(3))**
)

The debtor(s) respectfully request(s) that this Court extend the automatic stay, pursuant to 11 U.S.C. §362(c)(3), and in support thereof state(s):

1. The debtor had filed several bankruptcy proceedings. She received a chapter 7 discharge in July of 2019, and then filed her prior Chapter 13 case no. 19-42592 on December 2, 2019 for the purpose of saving her house from foreclosure. That was the only Chapter 13 filed in the one-year period preceding this case. That Chapter 13 case was dismissed after the debtor became unemployed in December of 2021. The dismissal was for failure to make payments. At the time of dismissal the debtor had paid in excess of two hundred fifty thousand dollars to the Chapter 13 Trustee. The debtor had no other pending bankruptcy cases in the preceding one-year period.

2. The debtor had previously filed the following bankruptcy cases, all of which have been dismissed:
   a. Chapter 13 Case No. 12-41136, Northern District of California, filed February 7, 2012, dismissed on February 3, 2014 by voluntary dismissal of the Debtor pursuant to 11 U.S.C. §1307(b) to work out resolution with her mortgage holder on a deed of trust currently held by US Bank as Legal Title Transferee for Truman 2016 SC6 Title Trust, and AMERICAN SCIENTIFIC outside of bankruptcy. That work out was not successful.
   b. Chapter 13 Case No. 16-43067, Northern District of California, filed November 1, 2016, dismissed on August 1, 2017 on Trustee's motion for failure to confirm a chapter 13 plan;
   c. Chapter 13 Case No. 18-40467, Northern District of California, filed February 27, 2018, dismissed on September 11, 2018 on Trustee's motion for failure to make chapter 13 plan payments (unconfirmed).
   d. Chapter 13 Case No. 18-42193, Northern District of California, September 20, 2018 which was converted to a Chapter 7 on January 16, 2019. The debtor received a discharge in that case.

3. The debtor did not have any prior case(s) dismissed in the past year for any of the following reasons:
   a. Failure to file or amend other required documents without substantial excuse; or
   b. Failure to provide adequate protection as ordered by the Court.

4. Pursuant to the provisions of §362(c)(3)(A), the fact of a prior filing still pending within the last 12 months limits the §362(a) Automatic Stay to a term of only 30 days, measured from the date of the filing of the new petition. There is currently a 30-day stay in this proceeding set to expire on or about July 30, 2022.

5. However, subject to §362(c)(3)(B), the Debtor has standing to move the Court to extend the Automatic Stay.

6. Under §362(c)(3)(C), if the Debtor can persuade the Court that the new case has been filed in good faith and if the Debtor can further persuade the Court by clear and

convincing evidence that the dismissal of the Prior Case was NOT due to the willful inadvertence or negligence on the part of the Debtor, then the Court may extend the Automatic Stay.

7. Debtor and her counsel, MATTHEW M SPIELBERG, Esq., represent that the present case was indeed filed in good faith and that the previous dismissal was not a result of the Debtor's willful inadvertence, delay, or negligence of the Debtor. Both believe that, based upon the debtor's current employment situation, the Debtor should be able to make all payments called for under the plan.

8. In her 2016 case no. 16-43067, the Debtor had proposed to independently seek a loan modification on her primary residence located at 1601 Beverly Place, Berkeley, California, held by Wells Fargo Home Mortgage, through her chapter 13 plan. The Debtor duly submitted a complete modification application to the lender shortly after proposing her chapter 13 plan therein. After significant delay, the Court ordered a dismissal of the Debtor's previous chapter 13 case for failure to confirm a plan, however, Debtor was never provided any correspondence from Wells Fargo Home Mortgage as to the results of the modification application.

9. On May 16, 2017, before the Honorable Roger L. Efremsky, the Debtor advised the Court that Wells Fargo Home Mortgage had not yet provided the Debtor with a final decision on her modification application, whereupon the Court granted an extension of approximately two and a half months to confirm her plan one way or the other. Wells Fargo Home Mortgage failed again to provide any decision as to the pending loan modification application, and on August 1, 2018 the Court entered a dismissal of case no. 16-43067.

10. On January 24, 2018 Wells Fargo Home Mortgage recorded a Notice of Trustee's Sale for the property located at 1601 Beverly Place, Berkeley, California for February 28, 2018 at 12:00PM, thus triggering her last filing, case no. 18-40467.

11. Debtor sought another loan modification with Wells Fargo Home Mortgage despite not being apprised of the outcome of her previous loan modification attempted during her 2016 bankruptcy, though this time participating in the District's Mortgage Modification Mediation Program ("MMMP"). Debtor and Wells Fargo Home Mortgage both

participated in the MMMP through completion, but no modification was ultimately offered by the latter.

12. Debtor had previously sought to extend the automatic stay in case no. 18-40467 pursuant to §362(c)(3)(C) on account of a previous pending case being dismissed within one year preceding that filing, but her request to extend the stay beyond the 30 days allotted was denied due to a lack of change in circumstances. Therein, Debtor had declared, and testified, that she was in the final stages of seeking employment whose compensation would have been sufficient to propose an arrearage chapter 13 plan in the event modification through the MMMP was not forthcoming. The Debtor has found new employment and can fully fund the payments called for in the current plan, to pay all arrears in full.

13. Essentially, the Debtor intends has proposed a full arrearage plan, with payments on the first mortgage to be paid through the office of the Chapter 13.

14. Although the Debtor remains steadfast in retaining her home, if retention is not feasible she would prefer to have the protection of the automatic stay to propose a sale of her home through her chapter 13 plan to satisfy secured creditors, and, if equity allows, net proceeds to her up to the claimed exemption amount with any excess being paid to priority and general unsecured creditors.

15. Without further protection of the automatic stay, the holder of the first mortgage will proceed with exercising its power of sale rights by foreclosing on Debtor's home. A foreclosure auction, as compared to a market sale of the property, does not ensure that junior lienholder would be paid in full, and may further jeopardize the Debtor's ability to retain any exempt net proceeds that would otherwise be available if the home was sold on the market.

16. Debtor further requests that the automatic stay be extended as to U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE and AMERICAN SCIENTIFIC so that she may preserve this opportunity to have her chapter 13 plan confirmed by the court without the concern of either creditor taking action against the property in the interim.

17. There has been a substantial change in the financial or personal affairs of the debtor since the dismissal of the last case, and the debtor believes that this case will result in a confirmed plan that will be fully performed.

18. Accordingly, Debtor would request the ongoing protection of an automatic stay beyond 30 days to allow her time to confirm a plan her plan, and understands that extension of the automatic stay could be conditioned upon actually making the payments called for.

WHEREFORE, the debtor prays that this Court grant the Motion to Extend the Automatic Stay as to all creditors, and to issue an Order Extending the termination of the Automatic Stay to a date coinciding with the Order of Discharge under §523 or the dismissal of the case, whichever occurs first, and for all other proper relief.

DATED: July 5, 2022

MATTHEW M SPIELBERG
Attorney for Debtor