Martha G. Bronitsky, SBN 127583
Chapter 13 Standing Trustee
Sarah R. Velasco, SBN 255873
Staff Attorney
P.O. BOX 5004
HAYWARD, CA 94540
PH:   (510) 266-5580
FAX:  (510) 266-5589
13trustee@oak13.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

In re:

LAUREN J LOCHRIDGE

    Debtor,

CHAPTER 13

CASE NO.  22-40606-RLE 13

**CHAPTER 13 STANDING TRUSTEE'S OPPOSITION TO MOTION TO EXTEND THE AUTOMATIC STAY**

Date: July 20, 2022
Time: 1:30 P.M.
Location: Zoom Telephone/Video Conference

MARTHA G. BRONITSKY, Chapter 13 Standing Trustee, (Trustee) hereby opposes Motion to Extend the Automatic Stay and requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below.  Fed.R.Evid. 201.

### FACTS

Lauren J Lochridge ("Debtor") filed this Chapter 13 case on June 26, 2022. This is the Debtor's 6th (sixth) bankruptcy case attempting to retain real property located at 1601 Beverly Pl, Berkely, CA ("Beverly Property").

Debtor has filed prior cases as follows:

1

Case number 12-41136 WJL 13 was filed on February 7, 2012. According to Schedule I, Debtor was "Unemployed/Disabled" and received $1,800 per month from rent and $5,600 per month from alimony (Doc. No. 9). On March 22, 2012, Wells Fargo Bank N.A.("Wells Fargo") filed an objection to confirmation (Doc. No. 17). According to the objection, Wells Fargo holds the first deed of trust on the Beverly Property. At the time of the objection, Debtor was delinquent 33 mortgage payments (Doc. No. 17). According to Prehearing Statement filed on June 13, 2012, "Debtor is working on a loan modification with Wells Fargo…" (Doc No. 26). The Trustee filed 7 (seven) motions to dismiss for failure to make plan payments (Doc. Nos. 23, 52, 55, 63, 68, 87, 105). The case was dismissed on February 3, 2014, on request of Debtor (Doc. Nos. 139, 140).

Case number 16-43067 RLE 13 was filed on November 15, 2016. According to Schedule I, Debtor was "Disabled" and received $3,300 per month from rent and $3,600 per month from alimony (Doc. No. 8). 2.08 of the plan provided for Wells Fargo subject to a loan modification agreement (Doc. No. 10). On December 13, 2016, the Trustee filed an objection to confirmation for failure to finalize the loan modification (Doc. No. 15). The Trustee's objection was sustained on February 23, 2017 (Doc. No. 21). According to Wells Fargo's Proof of claim, Debtor was delinquent $276,591.00 on the date of filing (Claim No. 1). On March 17, 2017, the Trustee filed a motion to dismiss for unreasonable delay for failure to confirm the plan by resolving the loan modification (Doc. No. 24). On May 18, 2017, the court entered a deadline to confirm by July 28, 2017, or the case would be dismissed (Doc. No. 35). The case was dismissed on August 1, 2017, for failure to confirm (Doc. No. 41).

Case number 18-40467 WJL 13 was filed on February 27, 2018. According to Schedule I, Debtor was "Disabled" and received $3,600 per month from alimony (Doc. No. 13). Wells Fargo pre-petition arrears claim totaled $336,569.47 (Claim No. 3). Motion to Extend the Automatic Stay was filed on March 1, 2018 (Doc. No. 8). According to Declaration of Debtor in support of the motion, Debtor applied for a loan modification in 2016 but had yet to receive a final decision (Doc. No. 8). Debtor was also seeking full time employment (Doc No. 8). On March 20, 2018, Wells Fargo filed an opposition to Debtor's motion to extend the automatic stay for failure to demonstrate a substantial change in her personal or financial affairs (Doc. No. 20). Order Denying Motion to Extend the Automatic Stay was entered on March 26, 2018. As noted by the court:

> "…The Court held a hearing on the Motion on March 21, 2018 and took the matter under submission with the strong inclination to deny the motion because there is too much uncertainty regarding Debtor's financial condition. Pursuant to § 362(c)(3), the Court may extend the automatic stay beyond 30 days when Debtor has a previous case pending within the prior year if Debtor shows by clear and convincing evidence that the current case was filed in good faith as to creditors to be stayed. To that end, Debtor attempted to show that this case was filed in good faith by showing improved financial circumstances since the last case. Debtor believes she may start a well-paying job in the coming months but has little concrete evidence to support her belief. Debtor may also see an influx of rental income from a couple apartments that have not been rented in the previous six months. The conditions are too speculative to provide clear and convincing evidence that Debtor's financial condition has improved since her last case was dismissed on August 1, 2017 (Case No. 16-43067). The Court, therefore, finds that this case was not filed in good faith." (Doc. No. 24)

Debtor also participated in the MMMP but no agreement was reached with Wells Fargo (Doc. No. 44). On August 14, 2018, Motion for In Rem

Relief from Automatic Stay was filed by Wells Fargo (Doc. No. 49). Order confirming no automatic stay in effect was filed on September 11, 2018 (Doc No. 56). Stipulation to dismiss for failure to make plan payments was entered on September 6, 2018 (Doc. No. 54). The Court entered an order of dismissal on September 11, 2018 (Doc. No. 57).

Case number 18-42193 RLE 13 was filed on September 20, 2018. Motion to Extend the Automatic Stay was filed on October 2, 2018 (Doc No. 10). According to Debtor's declaration in support of the motion to extend the automatic stay:

> "In my 2016 case, I had proposed to independently seek a loan modification on my primary residence located at 1601 Beverly Place, Berkeley, California, held by Wells Fargo Home Mortgage…"

> "In [Case No. 18-40467] I pursued a [second] loan modification with Wells Fargo Home Mortgage through the District's Mortgage Modification Mediation Program ("MMMP")…"

> "I am in the final stages of seeking full-time employment whose compensation would more than likely be sufficient to fund a full pre-petition mortgage arrears plan…"

> "I acknowledge that at the beginning of my previous case, number 18-40467 I likewise believed I was in the final stages of seeking employment, but I have been engaged in interviews, discussions, follow-ups and ongoing correspondence with a number of different prospective employers since my previous case was filed, and those efforts are continuing…"(Doc. No. 10).

Opposition to Debtor's Motion to Extend Automatic Stay was filed by Wells Fargo on October 9, 2018 (Doc. No. 20). As stated in the opposition,

> "Debtor's own declaration to the Motion to Extend states that the Debtor still has not found employment and like in her Third Bankruptcy she alleges to be in the final stages of seeking employment whose compensation would be sufficient to propose an arrearage chapter 13 plan in the event that a loan modification is not agreed to by the parties…" (Doc. No. 20).

Order Denying Debtor's Motion to Extend the Automatic Stay was entered on October 17, 2018 (Doc. No. 25). The Trustee filed a motion to dismiss with 12-month Bar to Refiling on November 1, 2018 (Doc. No. 35). The case was converted to chapter 7 on January 16, 2019, on request of Debtor (Doc No. 76).

Case number 19-42592 RLE 13 was filed on November 17, 2019. According to Schedule I, Debtor received support income of $3,600 per month (Doc. No. 11). Schedule I, Line 13 stated: "Expecting to resume contract or employment work within one month of bankruptcy filing…" According to Objection to Confirmation filed by U.S. Bank N.A., Debtor missed more than 10 years of mortgage payments (Doc. No. 22). Prepetition arrears claim now totaled $425,464.51 (Claim No. 3). An amended Schedule I was filed on July 20, 2020, to list wages of $25,681.50 per month for 1 month (Doc. No. 50). 5th Amended Chapter 13 plan was confirmed on September 9, 2020 (Doc. No. 65). The Trustee filed 7 (seven) motions to dismiss for failure to make plan payments (Doc. Nos. 67, 69, 72, 75, 94, 96, 98). According to Debtor's opposition to the Trustee's last motion to dismiss, "Debtor is currently in the process of transitioning jobs, and as a result will suffer a temporary gap in income." (Doc. No. 99). The Trustee's motion to dismiss was continued three times for Debtor to provide proof of employment and become current on her plan payments. The case was dismissed on May 10, 2022, for failure to make plan payments (Doc. No. 112).

Case number 22-40606 RLE 13 was filed on May 26, 2022. According to Schedule I, Debtor has been employed with Google for 1 month and earns $37,500 per month (Doc. No. 1). According to the single paystub provided to the Trustee, Debtor earns $9,769.23 every two weeks or $21,166.67 per month. On July 5, 2022, Debtor filed Motion to Extend the Automatic Stay (Doc. No. 12). According to Debtor's Declaration, Debtor became unemployed in December 2021 but is now reemployed on a full-time basis (Doc. No. 12).

**ARGUMENT**

11 U.S.C. Section 362(c)(3) provides:

"**(B)** on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a **hearing completed before the expiration of the 30-day period** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

**(C)** for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—

**(i)** as to all creditors, if—

**(I)** more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

**(II)** a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to—

**(aa)** file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

**(bb)** provide adequate protection as ordered by the court; or

**(cc)** perform the terms of a plan confirmed by the court; or

**(III)** there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—

Here, Debtor's prior case was dismissed with 1 year prior to filing and there is no substantial change in Debtor's personal or financial affairs since the dismissal of the most recent previous case. The current case is presumptively not filed in good faith and Debtor must rebut this presumption by clear and convincing evidence. 11 U.S.C.§ 362(c)(3)(C)(I)(III).

In case number 19-42592, Debtor was employed with Amazon and earned $25,681.50 per month (Schedule I, Doc. No. 50). Debtor then lost her job and was looking for employment (Doc. No. 99). In the current case, Debtor has been employed with Google for 1 month (Schedule I, Doc No. 1). Based on Debtor's prior bankruptcies, Debtor has a history of becoming unemployed, working for short periods of time and then becoming unemployed again. Debtor has not demonstrated, by clear and convincing evidence, a substantial change in her personal and financial affairs and that the filing of her current case is in good faith.

WHEREFORE, the Trustee respectfully requests Debtor's Motion to impose the Automatic Stay be DENIED

RESPECTFULLY SUBMITTED:

Dated:  July 12, 2022          /s/Sarah R. Velasco
                               Sarah R. Velasco, Staff Attorney for
                               Martha G. Bronitsky
                               Chapter 13 Standing Trustee

```
Martha G. Bronitsky, SBN 127583
Chapter 13 Standing Trustee
Sarah R. Velasco, SBN 255873
Staff Attorney
P.O. BOX 5004
HAYWARD, CA 94540
PH:  (510) 266-5580
FAX: (510) 266-5589
13trustee@oak13.com
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>LAUREN J LOCHRIDGE<br><br>     Debtor, | CHAPTER 13<br><br>CASE NO.  22-40606-RLE 13<br><br>**DECLARATION OF MARTHA G. BRONITSKY, CHAPTER 13 STANDING TRUSTEE IN SUPPORT OF TRUSTEE'S OPPOSITION TO MOTION TO EXTEND THE AUTOMATIC STAY**<br><br>Date: July 20,2022<br>Time: 1:30 P.M.<br>Location: Zoom Telephone/Video Conference |

I am the Chapter 13 Standing Trustee for the United States Bankruptcy Court, Northern District of California, Oakland Division, and the Trustee in the above referenced case. I know the following of my own personal knowledge and review of docket entries and I could and would competently testify thereto if called upon to do so in the above captioned case as well as the following cases:

Case number 12-41136 WJL 13 was filed on February 7, 2012. According to Schedule I, Debtor was "Unemployed/Disabled" and received

8

$1,800 per month from rent and $5,600 per month from alimony (Doc. No. 9). On March 22, 2012, Wells Fargo Bank N.A. ("Wells Fargo") filed an objection to confirmation (Doc. No. 17). According to the objection, Wells Fargo holds the first deed of trust on the Beverly Property. At the time of the objection, Debtor was delinquent 33 mortgage payments (Doc. No. 17). According to Wells Fargo's claim, prepetition arrears equal $99,568.02 (Claim No. 9). According to Prehearing Statement filed on June 13, 2012, "Debtor is working on a loan modification with Wells Fargo…" (Doc No. 26). The Trustee filed 7 (seven) motions to dismiss for failure to make plan payments. (Doc. Nos. 23, 52, 55, 63, 68, 87, 105). The case was dismissed on February 3, 2014, on request of the Debtor (Doc. Nos. 139,140).

Case number 16-43067 RLE 13 was filed on November 15, 2016. According to Schedule I, Debtor was "Disabled" and received $3,300 per month from rent and $3,600 per month from alimony (Doc. No. 8). 2.08 of the plan provided for Wells Fargo subject to a loan modification agreement (Doc. No. 10). On December 13, 2016, the Trustee filed an objection to confirmation for failure to finalize the loan modification (Doc. No. 15). The Trustee's objection was sustained on February 23, 2017 (Doc. No. 21). According to Wells Fargo's Proof of claim, Debtor was delinquent $276,591.00 on the date of filing (Claim No. 1). On March 17, 2017, the Trustee filed a motion to dismiss for unreasonable delay for failure to confirm the plan by resolving the loan modification (Doc. No. 24). On May 18, 2017, the court entered a deadline to confirm by July 28, 2017, or the case would be dismissed (Doc. No. 35). The case was dismissed on August 1, 2017, for failure to confirm (Doc. No. 41).

Case number 18-40467 WJL 13 was filed on February 27, 2018. According to Schedule I, Debtor was "Disabled" and received $3,600 per month from alimony (Doc. No. 13). Wells Fargo pre-petition arrears totaled $336,569.47 (Claim No. 3). Motion to Extend the Automatic Stay was filed on March 1, 2018 (Doc. No. 8). According to Declaration of Debtor in support of the motion, Debtor applied for a loan modification in 2016 but had yet to receive a final decision (Doc. No. 8). Debtor was also seeking full time employment (Doc No. 8). On March 20, 2018, Wells Fargo filed an opposition to Debtor's motion to extend the automatic stay for failure to demonstrate a substantial change in her personal or financial affairs (Doc. No. 20). Order Denying Motion to Extend the Automatic Stay was entered on March 26, 2018. As noted by the court:

> "…The Court held a hearing on the Motion on March 21, 2018 and took the matter under submission with the strong inclination to deny the motion because there is too much uncertainty regarding Debtor's financial condition. Pursuant to § 362(c)(3), the Court may extend the automatic stay beyond 30 days when Debtor has a previous case pending within the prior year if Debtor shows by clear and convincing evidence that the current case was filed in good faith as to creditors to be stayed. To that end, Debtor attempted to show that this case was filed in good faith by showing improved financial circumstances since the last case. Debtor believes she may start a well-paying job in the coming months but has little concrete evidence to support her belief. Debtor may also see an influx of rental income from a couple apartments that have not been rented in the previous six months. The conditions are too speculative to provide clear and convincing evidence that Debtor's financial condition has improved since her last case was dismissed on August 1, 2017 (Case No. 16-43067). The Court, therefore, finds that this case was not filed in good faith." (Doc. No. 24)

Debtor also participated in the MMMP but no agreement was reached with Wells Fargo (Doc. No. 44). Debtor did not amend the plan upon

Mediator's Final Report to provide for Wells Fargo's claim (Doc. No. 47). On August 14, 2018, Motion for In Rem Relief from Automatic Stay was filed by Wells Fargo (Doc. No. 49). Order confirming no automatic stay in effect was filed on September 11, 2018 (Doc No. 56). Stipulation to dismiss for failure to make plan payments was entered on September 6, 2018 (Doc. No. 54). The Court entered an order of dismissal on September 11, 2018 (Doc. No. 57).

Case number 18-42193 RLE 13 was filed on September 20, 2018. Motion to Extend the Automatic Stay was filed on October 2, 2018 (Doc No. 10). According to Debtor's declaration in support of the motion to extend the automatic stay:

> "In my 2016 case, I had proposed to independently seek a loan modification on my primary residence located at 1601 Beverly Place, Berkeley, California, held by Wells Fargo Home Mortgage…"

> "In [Case No. 18-40467] I pursued a [second] loan modification with Wells Fargo Home Mortgage through the District's Mortgage Modification Mediation Program ("MMMP")…"

> "I am in the final stages of seeking full-time employment whose compensation would more than likely be sufficient to fund a full pre-petition mortgage arrears plan…"

> "I acknowledge that at the beginning of my previous case, number 18-40467 I likewise believed I was in the final stages of seeking employment, but I have been engaged in interviews, discussions, follow-ups and ongoing correspondence with a number of different prospective employers since my previous case was filed, and those efforts are continuing…"(Doc. No. 10).

Opposition to Debtor's Motion to Extend Automatic Stay was filed by Wells Fargo on October 9, 2018 (Doc. No. 20). As stated in the opposition,

> "Debtor's own declaration to the Motion to Extend states that the Debtor still has not found employment and like in her Third

Bankruptcy she alleges to be in the final stages of seeking employment whose compensation would be sufficient to propose an arrearage chapter 13 plan in the event that a loan modification is not agreed to by the parties…" (Doc. No. 20).

Order Denying Debtor's Motion to Extend the Automatic Stay was entered on October 17, 2018 (Doc. No. 25). The Trustee filed a motion to dismiss with 12-month Bar to Refiling on November 1, 2018 (Doc. No. 35). The case was converted to chapter 7 on January 16, 2019, on request of Debtor (Doc No. 76).

Case number 19-42592 RLE 13 was filed on November 17, 2019. According to Schedule I, Debtor received support income of $3,600 per month (Doc. No. 11). Schedule I, Line 13 stated: "Expecting to resume contract or employment work within one month of bankruptcy filing…" According to Objection to Confirmation filed by U.S. Bank N.A., Debtor missed more than 10 years of mortgage payments (Doc. No. 22). Prepetition arrears claim totaled $425,464.51 (Claim No. 3). An amended Schedule I was filed on July 20, 2020, to list wages of $25,681.50 per month for 1 month (Doc. No. 50). 5th Amended Chapter 13 plan was confirmed on September 9, 2020 (Doc. No. 65). The Trustee filed 7 (seven) motions to dismiss for failure to make plan payments (Doc. Nos. 67, 69, 72, 75, 94, 96, 98). According to Debtor's opposition to the Trustee's last motion to dismiss, "Debtor is currently in the process of transitioning jobs, and as a result will suffer a temporary gap in income." (Doc. No. 99). The Trustee's motion to dismiss was continued three times for Debtor to provide proof of employment and become current on her plan payments. The case was dismissed on May 10, 2022, for failure to make plan payments (Doc. No. 112).

12

Case number 22-40606 RLE 13 was filed on May 26, 2022. According to Schedule I, Debtor has been employed with Google for 1 month and earns $37,500 per month (Doc. No. 1). According to the single paystub provided to the Trustee, Debtor earns $9,769.23 every two weeks or $21,166.67 per month. On July 5, 2022, Debtor filed Motion to Extend the Automatic Stay (Doc. No. 12). According to Debtor's Declaration, Debtor became unemployed in December 2021 but is now reemployed on a full-time basis (Doc. No. 12).

I, MARTHA G. BRONITSKY, CHAPTER 13 STANDING TRUSTEE, declare under penalty of perjury that the foregoing is true and correct. Executed at Hayward, California.

Date: July 11, 2022         <u>Martha G. Bronitsky</u>
                                                Chapter 13 Standing Trustee