Martha G. Bronitsky, SBN 127583
Chapter 13 Standing Trustee
Sarah R. Velasco, SBN 255873
Staff Attorney
P.O. BOX 5004
HAYWARD, CA 94540
PH:   (510) 266-5580
FAX:  (510) 266-5589
13trustee@oak13.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

In re:

LAUREN JOY LOCHRIDGE

       Debtor,

_____/

CHAPTER 13

CASE NO.  22-40606-CN 13

**CHAPTER 13 STANDING TRUSTEE'S MOTION TO DISMISS WITH 12 MONTH BAR TO REFILING**

    COMES NOW, MARTHA G. BRONITSKY, Chapter 13 Standing Trustee, (Trustee) requesting that this case be dismissed pursuant to 11 U.S.C. § 1307 (c)[1] of the Bankruptcy Code based on Debtor's lack of good faith and unreasonable delay by the Debtor that is prejudicial to creditors [11 U.S.C. § 1307(c)(1)].  The Trustee further requests that Debtor be barred from filing any case under the Bankruptcy Code pursuant to §§ 105(a), 109(g), and § 349(a), for a period of **12 months** from the date of the dismissal order.

---

[1] All code references are to Title 11 of the United States Code unless otherwise stated.

1

The Trustee also requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed. R. Evid. 201.

**FACTS**

Lauren J Lochridge ("Debtor") filed this Chapter 13 case on June 26, 2022. This is the Debtor's 6th (sixth) bankruptcy case attempting to retain real property located at 1601 Beverly Pl, Berkely, CA ("Beverly Property"). According to the proof of claim, prepetition arrears total $340,724.66 (Claim No. 5).

Debtor has filed prior cases as follows:

Case number 12-41136 WJL 13 was filed on February 7, 2012. On March 22, 2012, Wells Fargo Bank N.A. ("Wells Fargo") filed an objection to confirmation (Doc. No. 17). According to the objection, Wells Fargo holds the first deed of trust on the Beverly Property. At the time of the objection, Debtor was delinquent 33 mortgage payments (Doc. No. 17). Prepetition arrears totaled $99,568.02. (Proof of Claim No. 9). According to Prehearing Statement filed on June 13, 2012, "Debtor is working on a loan modification with Wells Fargo…" (Doc No. 26). The Trustee filed 7 (seven) motions to dismiss for failure to make plan payments (Doc. Nos. 23, 52, 55, 63, 68, 87, 105). The case was dismissed on February 3, 2014, on request of Debtor (Doc. Nos. 139, 140).

Case number 16-43067 RLE 13 was filed on November 15, 2016. 2.08 of the plan provided for Wells Fargo subject to a loan modification agreement (Doc. No. 10). On December 13, 2016, the Trustee filed an objection to confirmation for failure to finalize the loan modification (Doc. No. 15). The Trustee's objection was sustained on

2

February 23, 2017 (Doc. No. 21). According to the Proof of claim, pre-petition arears totaled $276,591.00 (Claim No. 1). On March 17, 2017, the Trustee filed a motion to dismiss for unreasonable delay for failure to confirm the plan by resolving the loan modification (Doc. No. 24). On May 18, 2017, the court entered a deadline to confirm by July 28, 2017, or the case would be dismissed (Doc. No. 35). The case was dismissed on August 1, 2017, for failure to confirm (Doc. No. 41).

Case number 18-40467 WJL 13 was filed on February 27, 2018. Wells Fargo pre-petition arrears claim totaled $336,569.47 (Claim No. 3). Motion to Extend the Automatic Stay was filed on March 1, 2018 (Doc. No. 8). According to Declaration of Debtor in support of the motion, Debtor applied for a loan modification in 2016 but had yet to receive a final decision (Doc. No. 8). On March 20, 2018, Wells Fargo filed an opposition to Debtor's motion to extend the automatic stay for failure to demonstrate a substantial change in her personal or financial affairs (Doc. No. 20). Order Denying Motion to Extend the Automatic Stay was entered on March 26, 2018. As noted by the court:

> "…The Court held a hearing on the Motion on March 21, 2018 and took the matter under submission with the strong inclination to deny the motion because there is too much uncertainty regarding Debtor's financial condition. Pursuant to § 362(c)(3), the Court may extend the automatic stay beyond 30 days when Debtor has a previous case pending within the prior year if Debtor shows by clear and convincing evidence that the current case was filed in good faith as to creditors to be stayed. To that end, Debtor attempted to show that this case was filed in good faith by showing improved financial circumstances since the last case. Debtor believes she may start a well-paying job in the coming months but has little concrete evidence to support her belief. Debtor may also see an influx of rental income from a couple apartments that have not been rented in the previous six months. The conditions are too speculative to provide clear and convincing evidence that Debtor's financial condition has improved since her last case was dismissed on August 1, 2017

(Case No. 16-43067). The Court, therefore, finds that this case was not filed in good faith." (Doc. No. 24)

Debtor also participated in the MMMP but no agreement was reached with Wells Fargo (Doc. No. 44). On August 14, 2018, Motion for In Rem Relief from Automatic Stay was filed by Wells Fargo (Doc. No. 49). Order confirming no automatic stay in effect was filed on September 11, 2018 (Doc No. 56). Stipulation to dismiss for failure to make plan payments was entered on September 6, 2018 (Doc. No. 54). The Court entered an order of dismissal on September 11, 2018 (Doc. No. 57).

Case number 18-42193 RLE 13 was filed on September 20, 2018. Motion to Extend the Automatic Stay was filed on October 2, 2018 (Doc No. 10). According to Debtor's declaration in support of the motion to extend the automatic stay:

> "In my 2016 case, I had proposed to independently seek a loan modification on my primary residence located at 1601 Beverly Place, Berkeley, California, held by Wells Fargo Home Mortgage…"

> "In [Case No. 18-40467] I pursued a [second] loan modification with Wells Fargo Home Mortgage through the District's Mortgage Modification Mediation Program ("MMMP")…"

> "I am in the final stages of seeking full-time employment whose compensation would more than likely be sufficient to fund a full pre-petition mortgage arrears plan…"

> "I acknowledge that at the beginning of my previous case, number 18-40467 I likewise believed I was in the final stages of seeking employment, but I have been engaged in interviews, discussions, follow-ups and ongoing correspondence with a number of different prospective employers since my previous case was filed, and those efforts are continuing…"(Doc. No. 10).

Opposition to Debtor's Motion to Extend Automatic Stay was filed by Wells Fargo on October 9, 2018 (Doc. No. 20). As stated in the opposition,

> "Debtor's own declaration to the Motion to Extend states that the Debtor still has not found employment and like in her Third Bankruptcy she alleges to be in the final stages of seeking employment whose compensation would be sufficient to propose an arrearage chapter 13 plan in the event that a loan modification is not agreed to by the parties…" (Doc. No. 20).

Order Denying Debtor's Motion to Extend the Automatic Stay was entered on October 17, 2018 (Doc. No. 25). The Trustee filed a motion to dismiss with a 12-month Bar to Refiling on November 1, 2018 (Doc. No. 35). The case was converted to chapter 7 on January 16, 2019, on request of Debtor (Doc No. 76).

Case number 19-42592 RLE 13 was filed on November 17, 2019. According to Objection to Confirmation filed by U.S. Bank N.A., Debtor missed more than 10 years of mortgage payments (Doc. No. 22). Prepetition arrears claim now totaled $425,464.51 (Claim No. 3). 5th Amended Chapter 13 plan was confirmed on September 9, 2020 (Doc. No. 65). The Trustee filed 7 (seven) motions to dismiss for failure to make plan payments (Doc. Nos. 67, 69, 72, 75, 94, 96, 98). According to Debtor's opposition to the Trustee's last motion to dismiss, "Debtor is currently in the process of transitioning jobs, and as a result will suffer a temporary gap in income." (Doc. No. 99). The Trustee's motion to dismiss was continued three times for Debtor to provide proof of employment and become current on her plan payments. The case was dismissed on May 10, 2022, for failure to make plan payments (Doc. No. 112).

Case number 22-40606 RLE 13 was filed on June 26, 2022. According to the original Schedule I, Debtor was employed with Google for 1 month and earned $37,500 per month (Doc. No. 1). While the Debtor can earn substantial wages, based on her history of bankruptcy filings she is unable to timely pay her plan payments and mortgage payments. Since Debtor's first case in 2012, her mortgage default has increased from $99,568.02 to $340,724.66.

On August 22, 2022, the Trustee filed a motion to dismiss with a 12-month bar (Doc. No. 44). On August 23, 2023, the motion to dismiss was withdrawn, as the Debtor became current on her plan payment (Doc No. 46).

On September 25, 2023, the Trustee filed a motion to dismiss for failure to make plan payments (Doc. No. 56). According to the motion Debtor is in default in the amount of $15,495.92. The motion is set for hearing for December 19, 2023.

On December 16, 2023, Debtor filed a modified plan (Doc No. 58). According to the declaration of Debtor, "[Debtor is currently seeking new employment, but [Debtor does not] have a job offer in hand." (Doc. No. 65). Amended Schedule I shows no income from any source (Doc. No. 63). On October 30, 2023, the Trustee filed an opposition to plan modification (Doc No. 69). This is conduit plan, there are no funds on hand for the Trustee to pay the September or October mortgage payment. The monthly mortgage payment is $4,619.25. Debtor has not made a plan payment since August 22, 2023. 7.01 of the plan provides that Debtor will pay $600.00 per month commencing in September 2023. Pursuant to

the nonstandard provision in 7.03, Debtor has until May 2024 to become current under the modified plan or sale the Beverly Property.

## ARGUMENT

### DISMISSAL OF THIS CASE IS WARRANTED UNDER SECTION 1307 OF THE BANKRUPTCY CODE

11 U.S.C. Section 1307 subsection c provides "that on request of a party in interest . . . and after notice and hearing, the court may convert a case under this chapter to case under chapter 7, or may dismiss a case under this chapter, whichever is in the best interest of the creditors and the estate, for cause. . ."

The Ninth Circuit Court of Appeals established the standard of bad faith as "cause" to dismiss a Chapter 13 case with prejudice. *In re Leavitt,* 171 F.3d 1219(9th Cir. 1999). The Ninth Circuit found that the phrase "unless the court, for cause, orders otherwise," in Section 349 (a) gives the Bankruptcy Court authority to dismiss cases with prejudice. *In re Leavitt,* at 1223. The court went on to outline the "totality of the circumstances" test that should be used in determining bad faith as cause for the dismissal of a Chapter 13 case. The Bankruptcy Court should consider the following factors:

(1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner;

*(2) "the debtor's history of filings and dismissals,"*

(3) whether the "debtor only intended to defeat state court litigation,"

7

(4)     whether egregious behavior is present;

*In re Leavitt,* at 1224.

The Court has authority to dismiss a case with bars that exceed 180 days pursuant to §§ 105(a) and 349(a). *In re Michael Blue*, Case No. 14-44523 CN 13 (February 3, 2015; Doc. #15).

Debtor has unfairly manipulated the Bankruptcy Code by repeated filing cases and failing to prosecute them. Not only has Debtor filed multiple cases, but Debtor has also failed to comply with court orders to file required documents and perform other obligations under the Code. This pattern demonstrates Debtor's motivation is not one of legitimate reorganization and obtaining a fresh start but rather to delay or hinder creditors, and in particular the mortgage creditor, in exercising their rights. The Court and the Trustee have repeatedly spent considerable time and resources in administering Debtor's multiple cases. While the Debtor can earn substantial wages, based on her history of bankruptcy filings, and sporadic employment, she is unable to retain long-term employment and timely pay her plan payments and mortgage payments. Debtor should not be permitted to continue to abuse the Bankruptcy Code and a bar to refiling is warranted to prevent further abusive filings.

### **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court issue an order dismissing Debtor's Chapter 13 case. The Trustee also requests that the Debtor be barred from any future bankruptcy filing without prior Court Order for 12 months from the date of any Order of Dismissal in this case. An 12-month bar is necessary to prevent further abuse of the Bankruptcy Code.

8

Further the Trustee requests that any filing in violation of the dismissal order be deemed null and void and subject to dismissal without notice to the Debtor.

RESPECTFULLY SUBMITTED:

Dated: November 1, 2023      /s/Martha G. Bronitsky 5909
                             Martha G. Bronitsky
                             Chapter 13 Standing Trustee

Martha G. Bronitsky, SBN 127583
Chapter 13 Standing Trustee
Sarah R. Velasco, SBN 255873
Staff Attorney
P.O. BOX 5004
HAYWARD, CA 94540
PH:   (510) 266-5580
FAX:  (510) 266-5589
13trustee@oak13.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

In re:

LAUREN J LOCHRIDGE

    Debtor,

_____/

CHAPTER 13

CASE NO.  22-40606 CN 13

**DECLARATION OF MARTHA G. BRONITSKY, CHAPTER 13 STANDING TRUSTEE IN SUPPORT OF THE TRUSTEE'S MOTION TO DISMISS WITH 12 MONTH BAR TO REFILING**

    I am the Chapter 13 Standing Trustee for the United States Bankruptcy Court, Northern District of California, Oakland Division, and the Trustee in the above referenced case. I know the following of my own personal knowledge and review of docket entries and I could and would competently testify thereto if called upon to do so in the above captioned case as well as the following cases:

    Lauren J Lochridge ("Debtor") filed this Chapter 13 case on June 26, 2022. This is the Debtor's 6th (sixth) bankruptcy case attempting to retain real property located at 1601 Beverly Pl, Berkely, CA

("Beverly Property"). According to the proof of claim, prepetition arrears total $340,724.66 (Claim No. 5).

Debtor has filed prior cases as follows:

Case number 12-41136 WJL 13 was filed on February 7, 2012. On March 22, 2012, Wells Fargo Bank N.A. ("Wells Fargo") filed an objection to confirmation (Doc. No. 17). According to the objection, Wells Fargo holds the first deed of trust on the Beverly Property. At the time of the objection, Debtor was delinquent 33 mortgage payments (Doc. No. 17). Prepetition arrears totaled $99,568.02. (Proof of Claim No. 9). According to Prehearing Statement filed on June 13, 2012, "Debtor is working on a loan modification with Wells Fargo…" (Doc No. 26). The Trustee filed 7 (seven) motions to dismiss for failure to make plan payments (Doc. Nos. 23, 52, 55, 63, 68, 87, 105). The case was dismissed on February 3, 2014, on request of Debtor (Doc. Nos. 139, 140).

Case number 16-43067 RLE 13 was filed on November 15, 2016. 2.08 of the plan provided for Wells Fargo subject to a loan modification agreement (Doc. No. 10). On December 13, 2016, the Trustee filed an objection to confirmation for failure to finalize the loan modification (Doc. No. 15). The Trustee's objection was sustained on February 23, 2017 (Doc. No. 21). According to the Proof of claim, pre-petition arears totaled $276,591.00 (Claim No. 1). On March 17, 2017, the Trustee filed a motion to dismiss for unreasonable delay for failure to confirm the plan by resolving the loan modification (Doc. No. 24). On May 18, 2017, the court entered a deadline to confirm by July 28, 2017, or the case would be dismissed (Doc. No. 35). The case was dismissed on August 1, 2017, for failure to confirm (Doc. No. 41).

11

Case: 22-40606    Doc# 70    Filed: 11/01/23    Entered: 11/01/23 11:12:05    Page 11 of 16

Case number 18-40467 WJL 13 was filed on February 27, 2018. Wells Fargo pre-petition arrears claim totaled $336,569.47 (Claim No. 3). Motion to Extend the Automatic Stay was filed on March 1, 2018 (Doc. No. 8). According to Declaration of Debtor in support of the motion, Debtor applied for a loan modification in 2016 but had yet to receive a final decision (Doc. No. 8). On March 20, 2018, Wells Fargo filed an opposition to Debtor's motion to extend the automatic stay for failure to demonstrate a substantial change in her personal or financial affairs (Doc. No. 20). Order Denying Motion to Extend the Automatic Stay was entered on March 26, 2018. As noted by the court:

> "…The Court held a hearing on the Motion on March 21, 2018 and took the matter under submission with the strong inclination to deny the motion because there is too much uncertainty regarding Debtor's financial condition. Pursuant to § 362(c)(3), the Court may extend the automatic stay beyond 30 days when Debtor has a previous case pending within the prior year if Debtor shows by clear and convincing evidence that the current case was filed in good faith as to creditors to be stayed. To that end, Debtor attempted to show that this case was filed in good faith by showing improved financial circumstances since the last case. Debtor believes she may start a well-paying job in the coming months but has little concrete evidence to support her belief. Debtor may also see an influx of rental income from a couple apartments that have not been rented in the previous six months. The conditions are too speculative to provide clear and convincing evidence that Debtor's financial condition has improved since her last case was dismissed on August 1, 2017 (Case No. 16-43067). The Court, therefore, finds that this case was not filed in good faith." (Doc. No. 24)

Debtor also participated in the MMMP but no agreement was reached with Wells Fargo (Doc. No. 44). On August 14, 2018, Motion for In Rem Relief from Automatic Stay was filed by Wells Fargo (Doc. No. 49). Order confirming no automatic stay in effect was filed on September 11, 2018 (Doc No. 56). Stipulation to dismiss for failure to make

12

plan payments was entered on September 6, 2018 (Doc. No. 54). The Court entered an order of dismissal on September 11, 2018 (Doc. No. 57).

Case number 18-42193 RLE 13 was filed on September 20, 2018. Motion to Extend the Automatic Stay was filed on October 2, 2018 (Doc No. 10). According to Debtor's declaration in support of the motion to extend the automatic stay:

> "In my 2016 case, I had proposed to independently seek a loan modification on my primary residence located at 1601 Beverly Place, Berkeley, California, held by Wells Fargo Home Mortgage…"

> "In [Case No. 18-40467] I pursued a [second] loan modification with Wells Fargo Home Mortgage through the District's Mortgage Modification Mediation Program ("MMMP")…"

> "I am in the final stages of seeking full-time employment whose compensation would more than likely be sufficient to fund a full pre-petition mortgage arrears plan…"

> "I acknowledge that at the beginning of my previous case, number 18-40467 I likewise believed I was in the final stages of seeking employment, but I have been engaged in interviews, discussions, follow-ups and ongoing correspondence with a number of different prospective employers since my previous case was filed, and those efforts are continuing…"(Doc. No. 10).

Opposition to Debtor's Motion to Extend Automatic Stay was filed by Wells Fargo on October 9, 2018 (Doc. No. 20). As stated in the opposition,

> "Debtor's own declaration to the Motion to Extend states that the Debtor still has not found employment and like in her Third Bankruptcy she alleges to be in the final stages of seeking employment whose compensation would be sufficient to propose an arrearage chapter 13 plan in the event that a loan modification is not agreed to by the parties…" (Doc. No. 20).

13

Order Denying Debtor's Motion to Extend the Automatic Stay was entered on October 17, 2018 (Doc. No. 25). The Trustee filed a motion to dismiss with 12-month Bar to Refiling on November 1, 2018 (Doc. No. 35). The case was converted to chapter 7 on January 16, 2019, on request of Debtor (Doc No. 76).

Case number 19-42592 RLE 13 was filed on November 17, 2019. According to Objection to Confirmation filed by U.S. Bank N.A., Debtor missed more than 10 years of mortgage payments (Doc. No. 22). Prepetition arrears claim now totaled $425,464.51 (Claim No. 3). 5th Amended Chapter 13 plan was confirmed on September 9, 2020 (Doc. No. 65). The Trustee filed 7 (seven) motions to dismiss for failure to make plan payments (Doc. Nos. 67, 69, 72, 75, 94, 96, 98). According to Debtor's opposition to the Trustee's last motion to dismiss, "Debtor is currently in the process of transitioning jobs, and as a result will suffer a temporary gap in income." (Doc. No. 99). The Trustee's motion to dismiss was continued three times for Debtor to provide proof of employment and become current on her plan payments. The case was dismissed on May 10, 2022, for failure to make plan payments (Doc. No. 112).

Case number 22-40606 RLE 13 was filed on June 26, 2022. According to original Schedule I, Debtor was employed with Google for 1 month and earned $37,500 per month (Doc. No. 1). While the Debtor can earn substantial wages, based on her history of bankruptcy filings, she is unable to timely pay her plan payments and mortgage payments. Since Debtor's first case in 2012, her mortgage default has increased from $99,568.02 to $340,724.66.

On August 22, 2022, the Trustee filed a motion to dismiss with a 12 month bar (Doc. No. 44). On August 23, 2023, the motion to dismiss was withdrawn, as the Debtor became current on her plan payment (Doc No. 46).

On September 25, 2023, the Trustee filed a motion to dismiss for failure to make plan payments (Doc. No. 56). According to the motion Debtor is in default in the amount of $15,495.92 under the confirmed plan. The motion is set for hearing for December 19, 2023.

On December 16, 2023, Debtor filed a modified plan (Doc No. 58). According to the declaration of Debtor, "[Debtor is currently seeking new employment, but [Debtor does not] have a job offer in hand." (Doc. No. 65). Amended Schedule I shows no income from any source (Doc. No. 63). On October 30, 2023, the Trustee filed an opposition to plan modification (Doc No. 69). This is conduit plan, there are no funds on hand for the Trustee to pay the September or October mortgage payment. The monthly mortgage payment is $4,619.25. Debtor has not made a plan payment since August 22, 2023. 7.01 of the plan provides that Debtor will pay $600.00 per month commencing in September 2023. Pursuant to the nonstandard provision in 7.03, Debtor has until May 2024 to become current under the modified plan or sale the Beverly Property.

I, MARTHA G. BRONITSKY, CHAPTER 13 STANDING TRUSTEE, declare under penalty of perjury that the foregoing is true and correct. Executed at Hayward, California.

Date: November 1, 2023             <u>Martha G. Bronitsky</u>

Chapter 13 Standing Trustee